UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| RONALD BYROAD, CRAIG BYROAD, MARLENE BYROAD, CRB AG, LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 4:18-cv-00014-JTM-JEM |
| v. | )<br>)<br>) |
| WILLOW TREE FARMS LIMITED PARTNERSHIP, JERRY D. ALTMAN, ELEANOR A, PRESCOTT, ALTMAN & PRESCOTT, ROGER LOWRY, and CHASE LOWRY, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF LAW OF MOTION TO DISMISS**

Defendants, Jerry D. Altman, Eleanor Prescott, and Altman & Prescott (Collectively "Defendants") by and through their attorneys, John P. Ryan and Patrick Devine, move this Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) and in support of their motion state as follows:

**INTRODUCTION**

Only Counts I and II of Plaintiffs' complaint attempt to raise federal question jurisdiction. Plaintiffs allege in Count I that Defendants violated the bankruptcy stay by contacting them regarding the farm lease after Plaintiffs filed bankruptcy. Such a claim must be filed in the bankruptcy court pursuant to Local Rule 200-1 and other authorities.

Plaintiffs bring Count II under the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA only applies to consumer debt and debt collectors. Plaintiffs do not and cannot allege that this case involves either a consumer debt or that Defendants qualify as debt collectors, so Count II fails as a matter of law.

Finally, the Court should dismiss the remaining state law claims raised in Counts III through VI by declining to exercise supplemental jurisdiction over these counts.

## SUMMARY OF THE ALLEGATIONS

This lawsuit arises out of a farm lease. Willow Tree Farms owns farm land in White County, Indiana. Plaintiffs' complaint refers to the farm lease as exhibit A, but they fail to attach it, so Defendants attached it hereto as exhibit A. The farm lease ran from March 1, 2017 to February 1, 2018. *See* Ex. A. Payments of $35,000 were due to be paid to Mr. Altman's law firm on or before March 1, 2017 and November 1, 2017. *Id*. Mr. Altman's law firm received the first payment, but they did not receive the payment due on or before November 1, 2017.

Plaintiffs, Ronald Byroad and Craig Byroad, allege that they each filed for bankruptcy on August 22, 2017. Dkt#1, ¶¶17-18. Plaintiffs allege that Defendants thereafter contacted them in October of 2017 about the payment that was due under the farm lease on November 1, 2017. *Id*. Plaintiffs also allege that Defendants contacted Plaintiffs' attorney on December 27, 2017 about the check that bounced which Plaintiffs provided to Defendants on November 1. *Id*. at ¶27. Plaintiffs further allege the Defendants referred the bounced check issue to the County prosecutor. *Id*. at ¶¶28, 30, 31.

## ARGUMENT

Defendants' motion to dismiss should be granted for all of the following reasons. Count I, titled "Violation of the Automatic Stay", should be dismissed because it must be brought in bankruptcy court. Count II for alleged violations of the FDCPA should be dismissed because this case involves neither consumer debts nor debt collectors. The remaining state law claims

2

should be dismissed because the Court should decline to exercise supplemental jurisdiction over them.

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555. A claim is facially plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Under the *Iqbal* and *Twombly* framework, a court considering a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. Courts are not bound to accept legal conclusions couched in factual allegations as true. *Twombly*, 550 U.S. at 555. Factual allegations must be enough to raise a right to relief above the level of speculation. *Id*. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant acted unlawfully. *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679.

301784076v1 1007572

**I.      Count I Should Be Dismissed Because Plaintiffs' Alleged Claims Under Title 11 Must Be Brought In Bankruptcy Court.**

Count I should be dismissed because Plaintiffs attempt to assert claims under Title 11, which must be pursued in bankruptcy court. Local Rule 200-1(a)(1) states:

> Subject to paragraph (a)(3)(B), all cases under Title 11 of the United States Code, and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges. It is the intention of this court that the bankruptcy judges be given the broadest possible authority to administer cases properly within their jurisdiction, and this rule shall be interpreted to achieve this end.

Plaintiff's allegations show that Count I rests solely upon an alleged violation under Title 11. Thus, Count I should be dismissed because it violates Local Rule 200-1.

Count I should also be dismissed pursuant to Fed.R.Civ.Pro. 12(b)(1) because attempts to assert claims for violations of the bankruptcy stay must be filed in the Court where the debtor filed the petition. *Folkerts* addressed this exact issue by holding:

> After a bankruptcy discharge, the debtor must file claims for the violation of the automatic stay and discharge injunction in the bankruptcy court where the debt was discharged. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004); *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 916 (7th Cir. 2001). Simply put, the "Seventh Circuit and district courts have held that a debtor cannot file suit directly in federal district court to enforce Section 524(a)(2)." *Gagnon*, 563 B.R. at 847; *see also Dore v. Five Lakes Agency, Inc.*, No. 14 CV 6515, 2015 U.S. Dist. LEXIS 88338, 2015 WL 4113203, at *2 (N.D. Ill. July 8, 2015).

<u>Folkerts v. Seterus, Inc.</u>, No. 17 C 4171, 2017 U.S. Dist. LEXIS 146082, at *3-4 (N.D. Ill. Sep. 11, 2017) [emphasis added]. Further, *In re Benalcazar*, 283 B.R. 514, 522 (Bankr. N.D. Ill. 2002), explained that "it is generally accepted that only the bankruptcy court has authority to punish parties for violating the automatic stay." As a result, Count I should be dismissed because Plaintiffs' must bring their claim for a violation of the automatic stay in the bankruptcy courts where they filed their petitions.

**II.     Count II Should Be Dismissed Because The FDCPA Is Not Applicable.**

    **A.     The FDCPA Only Applies To Consumer Debts And The Debt At Issue Is Not A Consumer Debt.**

Count II should be dismissed pursuant to Fed.R.Civ.Pro. 12 (b)(6) because Plaintiffs do not and cannot allege that the underlying debt qualifies as a consumer "debt" under the FDCPA. The primary purpose for why the underlying debt accrued was not for a personal, family or household purpose, but rather it was primarily for a business purpose.

A "debt" under the FDCPA requires an obligation arising out of a "consensual transaction, where parties negotiate or contract for consumer-related goods or services" but "not all obligations of a consumer to pay money arising out of a transaction are "debts" under the Act…"  *Berman v. GC Services Ltd. Partnership*, 146 F.3d 484-485 (7th Cir. 1998).  The FDCPA defines the term "debt" as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. §1692a(5).  The underlying debt must satisfy both elements of the statutory definition for the term "debt" or else Plaintiff fails to state a claim for a violation of the FDCPA. *Berman*, 146 F.3d at 486.

Plaintiffs here do not and cannot allege that the underlying debt satisfies the second element in order to qualify as a debt under the FDCPA.  The second element of the term debt requires the "subject of the transaction are primarily for personal, family, or household purposes."  Plaintiffs do not make a single allegation in regard to the purpose of the underlying debt presumably because Plaintiffs asserted in their bankruptcy petition that the exact opposite. Plaintiffs swore under oath in their Bankruptcy petitions that the "[d]ebts are primarily business

5

debts." *See* 17-BK-40359 at Dkt#1, p.1 and 17-BK-40358 at Dkt#1, p.1. As a result, Defendants' motion to dismiss Count II should be granted.

### B. The FDCPA Only Applies To Debt Collectors And Defendants Are Not Debt Collectors Because They Had The Right To Receive Payment Before Default.

Defendants' motion to dismiss Count II should also be granted because Defendants do not qualify as debt collectors. To state a claim under the FDCPA, Plaintiffs must allege that Defendants qualify as debt collectors. *See Goodloe v. National Wholesale Co.*, 2004 U.S.Dist. Lexis 13630, at *37-38 (N.D.Ill. July 19, 2004) (holding that plaintiff's FDCPA "claim must be dismissed" because plaintiff failed to allege that defendant qualified as a debt collector under the FDCPA). Plaintiffs do not make any allegations in regard to how the Defendants qualify as debt collectors, so Count II should be dismissed.

Count II should also be dismissed because Plaintiffs' allegations actually show that Defendants do not qualify debt collectors. The FDCPA excludes from the definition of debt collector "not only the original creditor but also any person who tries to collect a debt that 'was not in default at the time it was obtained by such person.'" *Carter v. AMC, LLC*, 645 F.3d 840, 843 (7th Cir. 2011), quoting, 15 U.S.C. §1692a(6). Therefore, an agent that acquires the authority to collect a debt before it is in default does not qualify as a debt collector under the FDCPA. *Id.* at 843-44.

Defendants obtained the authority to collect the underlying debt when Plaintiffs executed the lease. Plaintiffs' complaint adopts and incorporates the Farm Lease Agreement by asserting that it is attached as Exhibit A, even though they never actually attached it. The Farm Lease Agreement states that annual cash rental payments shall be submitted to Defendants' law firm. Further, Mr. Altman signed the Farm Lease Agreement as the power of attorney for his client.

6

Plaintiffs' own allegations show that Defendants were assigned the right to collect before the debt went into default. Plaintiffs allege that the Defendants began making demands for payment in October of 2017, but the rent did not become due until November 1. Dkt#1, ¶21-23, Ex. A. Defendants therefore do not qualify as debt collectors under the FDCPA because they had authority to collect the amount owed before it was in default.

### III. The Court Should Decline To Exercise Supplemental Jurisdiction Over The Remaining Counts.

The Court should dismiss the remaining state law claims by declining to exercise supplemental jurisdiction over these counts. The only claims possibly supporting federal question subject matter jurisdiction are asserted in Counts I and II. If this Court dismisses both Counts, then there is no reason for this Court to retain jurisdiction over remaining state law claims. 28 U.S.C. § 1367(c) provides that the exercise of supplementary jurisdiction is discretionary. Supplemental jurisdiction is not a plaintiff's right. *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 728 (7th Cir. 1998). Section 1367(c) allows courts to decline to exercise supplemental jurisdiction over a claim under subsection §1367(a) if the court has dismissed all claims for which it has original jurisdiction or in exceptional circumstance where there are other compelling reasons for declining jurisdiction. *See Berg v. BCS Fin. Corp.*, 372 F.Supp.2d 1080, 1095-96 (N.D. Ill. 2005) (applying § 1367(c)).

WHEREFORE, Defendants, Jerry D. Altman, Eleanor Prescott, and Altman & Prescott, pray that this Honorable Court grant their Motion to Dismiss Plaintiffs' complaint and/or enter any other relief to these Defendants that is equitable and just.

301784076v1 1007572

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: /s/Patrick P. Devine
Patrick P. Devine (19075-45)
Attorney for Defendants JERRY D. ALTMAN, ELEANOR PRESCOTT, ALTMAN & PRESCOTT
322 Indianapolis Blvd., Suite 201
Schererville, IN 46375
Phone: (219) 864-5051
Fax: (219) 864-5052
pdevine@hinshawlaw.com

John P. Ryan (62906-38)
Attorney for Defendants JERRY D. ALTMAN, ELEANOR PRESCOTT, ALTMAN & PRESCOTT
222 North LaSalle Street, Suite 300
Chicago, IL 60601
Phone: (312) 704-3000
jryan@hinshawlaw.com

**CERTIFICATE OF SERVICE**

I certify that on the 2nd day of May, 2018, a copy of the foregoing pleading or paper was served upon all attorneys of record/appropriate parties, via the court's electronic filing system.

HINSHAW & CULBERTSON LLP

BY: /s/Patrick P. Devine